UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
BOSTON DIVISION

CASE NO.:  1:23-cv-10985

DMITRY ZHIGALOV,

       Plaintiff,

v.

FLIGHTSIM.COM, INC. AND NELS
ANDERSON, individually.

       Defendants.

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**
**(INJUNCTIVE RELIEF DEMANDED)**

Plaintiff DMITRY ZHIGALOV by and through his undersigned counsel, brings this Complaint against Defendants FLIGHTSIM.COM, INC. AND NELS ANDERSON, individually, for damages and injunctive relief, and in support thereof states as follows:

**SUMMARY OF THE ACTION**

1. Plaintiff DMITRY ZHIGALOV ("Zhigalov") brings this action for violations of exclusive rights under the Copyright Act, 17 U.S.C. § 106, to copy and distribute Zhigalov's original copyrighted Work of authorship.

2. Zhigalov is a professional photographer, whose specialty is high-quality photos of aircrafts. Many of his photographic works are available for viewing and licensing on various websites, including www.airliners.net.

3. Defendant FLIGHTSIM.COM, INC. ("Flightsim") is a flight simulation review and resource website that focuses heavily on Microsoft Flight Simulator. The website also hosts a store, where users of the site can purchase flight simulation software packs. At all times

relevant herein, Flightsim owned and operated the internet website located at the URL www.flightsim.com/ (the "Website").

4. Defendant Nels Anderson ("Anderson") is the president of Flightsim, actively engaged in posting blogs and operating the Website.

5. Defendants Flightsim and Anderson are collectively referred to herein as "Defendants."

6. Zhigalov alleges that Defendants copied Zhigalov's copyrighted Work from the internet in order to advertise, market and promote their business activities. Defendants committed the violations alleged in connection with Defendants' business for purposes of advertising and promoting sales to the public in the course and scope of the Defendants' business.

## JURISDICTION AND VENUE

7. This is an action arising under the Copyright Act, 17 U.S.C. § 501.

8. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

9. Defendants are subject to personal jurisdiction in Massachusetts.

10. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 1400(a) because the events giving rise to the claims occurred in this district, Defendants engaged in infringement in this district, Defendants reside in this district, and Defendants are subject to personal jurisdiction in this district.

## DEFENDANTS

11. Flightsim.com, Inc. is a Massachusetts Corporation, with its principal place of business at 585 Edmands Rd., Framingham, MA 01701, and can be served by serving its Registered Agent, Nels Anderson, 585 Edmands Rd., Framingham, MA 01701.

12. Nels Anderson is an individual residing in Middlesex county, state of Massachusetts and can be served at 585 Edmands Rd., Framingham, MA 01701.

### THE COPYRIGHTED WORK AT ISSUE

13. In 2011, Zhigalov created the photograph entitled "Aircraft landing at sundown", which is shown below and referred to herein as the "Work".



14. At the time Zhigalov uploaded the Work to Airliners.net, copyright management information was automatically attached to the Work, consisting of the words "Copyright Dmitry Zhigalov" in the bottom left corner and "Airliners.net" in the bottom right corner of the Work."

15. Zhigalov registered the Work with the Register of Copyrights on December 6, 2014 and was assigned the registration number VA 1-943-507. The Certificate of Registration is attached hereto as Exhibit 1.

16. Zhigalov's Work is protected by copyright but is not otherwise confidential, proprietary, or trade secrets.

17. At all relevant times Zhigalov was the owner of the copyrighted Work at issue in this case.

**INFRINGEMENT BY DEFENDANTS**

18. Defendants have never been licensed to use the Work at issue in this action for any purpose.

19. On a date after the Work at issue in this action was created, but prior to the filing of this action, Defendants copied the Work.

20. On or about June 9, 2020, Zhigalov discovered the unauthorized use of his Work on the Website. The Work was being used on the Website on a sales listing for both the Microsoft Flight Simulator 2004 and the Microsoft Flight Simulator X add-ons for Microsoft Flight Simulator as shown below.



21. Upon further investigation, the Work was used as the artwork for the setup launch interface of both of the two installer drives, as part of the "add-on for Microsoft Flight Simulator X & FS2004 Flight Service MegaPack" installer drives.

22. The two aforementioned installer drives are separate add-ons, each compatible only with its own version of Microsoft Flight Simulator. The setup launch windows, displaying the Work as used for the Mega Pack for FSX installer and Mega Pack for FS9 Installer pack are shown below, respectively.





23.     When either of the installers launch they display Zhigalov's Work and the

unauthorized use of copyright management information as shown below and attached hereto as

Exhibit 2.



24. Defendants were charging $24.50 for the add-on packages which included the infringing use of the Work as shown above.

25. The Work was used to advertise and promote the sale of the Microsoft Flight Simulator 2004 and the Microsoft Flight Simulator X add-ons for Microsoft Flight Simulator as shown below.



26. All distributed copies remain available for redownload at users' accounts as shown below, each instance of distribution is an ongoing infringement.



27.     Defendants copied Zhigalov's copyrighted Work without Zhigalov's permission.

28.     After Defendants copied the Work, they made further copies and distributed the Work on the internet to promote the sale of goods and services as part of their regular business activities.

29.     Defendants copied and distributed Zhigalov's copyrighted Work in connection with Defendants' business for purposes of advertising and promoting Defendants' business, and in the course and scope of advertising and selling products and services.

30.     Zhigalov's Works are protected by copyright but are not otherwise confidential, proprietary, or trade secrets.

31.     Defendants committed copyright infringement of the Work as evidenced by the documents attached hereto as Exhibit 3.

32. Zhigalov never gave Defendants permission or authority to copy, distribute or display the Work at issue in this case.

33. Zhigalov notified Defendants of the allegations set forth herein on March 28, 2022, May 30, 2022, and June 6, 2022. To date, distribution of the Work is ongoing and the parties have failed to reach a resolution in this matter. Attached hereto as Exhibit 4 is a true and correct copy of the cease-and-desist letter sent to Mr. Anderson on behalf of flightsim.com.

34. When Defendants copied and displayed the Work at issue in this case, Defendants removed Zhigalov's copyright management information from the Work.

35. Zhigalov never gave Defendants permission or authority to remove copyright management information from the Work at issue in this case.

## COUNT I
## COPYRIGHT INFRINGEMENT

36. Zhigalov incorporates the allegations of paragraphs 1 through 35 of this Complaint as if fully set forth herein.

37. Zhigalov owns a valid copyright in the Work at issue in this case.

38. Zhigalov registered the Work at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

39. Defendants copied, displayed, and distributed the Work at issue in this case and made derivatives of the Work without Zhigalov's authorization in violation of 17 U.S.C. § 501.

40. Defendants performed the acts alleged in the course and scope of its business activities.

41. Defendants' acts were willful.

42. Zhigalov has been damaged.

43. The harm caused to Zhigalov has been irreparable.

SRIPLAW

CALIFORNIA ♦ GEORGIA ♦ FLORIDA ♦ TENNESSEE ♦ NEW YORK

## COUNT II
## VICARIOUS COPYRIGHT INFRINGEMENT BY ANDERSON

44. Zhigalov incorporates the allegations of paragraphs 1 through 35 of this Complaint as if fully set forth herein.

45. Zhigalov owns a valid copyright in the Work at issue in this case.

46. Zhigalov registered the Work at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

47. Flightsim copied, displayed and distributed the Work at issue in this case and made derivative of the Work without Zhigalov authorization in violation of 17 U.S.C. § 501.

48. Anderson had the right and ability to supervise the infringing activities of Flightsim alleged herein.

49. Anderson had control to instruct Flightsim to remove the Work from its Website.

50. Anderson had a direct financial interest in the infringing activities alleged herein.

51. As a result of Anderson's vicarious infringement as alleged above, Anderson obtained direct and indirect profits it would otherwise not have realized but for its infringement of the Work.

52. Zhigalov has been damaged.

53. The harm caused to Zhigalov has been irreparable.

## COUNT III
## REMOVAL OF COPYRIGHT MANAGEMENT INFORMATION

54. Zhigalov incorporates the allegations of paragraphs 1 through 35 of this Complaint as if fully set forth herein.

55. The Work at issue in this case contains copyright management information ("CMI").

56. Defendants knowingly and with the intent to enable or facilitate copyright infringement, removed CMI from the Work at issue in this action in violation of 17 U.S.C. § 1202(b)(1).

57. Defendants committed these acts knowing or having reasonable grounds to know that by distributing the Work without the copyright management information they will induce, enable, facilitate, or conceal infringement of Zhigalov's rights in the Work at issue in this action protected under the Copyright Act and in violation of 17 U.S. Code § 1202(b)(2).

58. Defendants distributed the Work knowing that copyright management information has been removed or altered without Zhigalov's authority in violation of 17 U.S. Code § 1202(b)(3).

59. Defendants caused, directed and authorized others commit these acts knowing or having reasonable grounds to know that they will induce, enable, facilitate or conceal infringement of Zhigalov's rights in the Work at issue in this action protected under the Copyright Act.

60. Statutory damages for violation of 17 U.S.C. § 1202(b) as set forth in 17 U.S.C. § 1203 indicate Zhigalov is entitled to an award not less than $2,500 or more than $25,000, per violation.

61. Zhigalov has been damaged.

62. The harm caused to Zhigalov has been irreparable.

### COUNT IV
### ADDITION OF FALSE COPYRIGHT MANAGEMENT INFORMATION

63. Zhigalov incorporates the allegations of paragraphs 1 through 35 of this Complaint as if fully set forth herein.

64. The Work at issue in this case contains false copyright management information ("CMI").

65. Defendants knowingly and with the intent to enable or facilitate copyright infringement, added their CMI, a logo with a plane outline overtop an Italian Flag, laid over a blue and white circle, to the Work at issue in this action in violation of 17 U.S.C. § 1202(a) and as shown below at the top right corner and in the center at the bottom of the infringing use.



66. Defendants committed these acts knowing or having reasonable grounds to know that they will induce, enable, facilitate or conceal infringement of Zhigalov's rights in the Work at issue in this action protected under the Copyright Act.

67. Defendants caused, directed and authorized others commit these acts knowing or having reasonable grounds to know that they will induce, enable, facilitate or conceal infringement of Zhigalov's rights in the Work at issue in this action protected under the Copyright Act.

68. After removing CMI from the Work, Defendants applied their own false CMI upon the Work.

69. After applying the false CMI to the Work, Defendants published and distributed the Work in violation of 17 U.S.C. § 1202(a).

70. Statutory damages for violation of 17 U.S.C. § 1202(a) as set forth in 17 U.S.C. § 1203 indicate Zhigalov is entitled to an award not less than $2,500 or more than $25,000, per violation.

71. Zhigalov has been damaged.

72. The harm caused to Zhigalov has been irreparable.

WHEREFORE, the Plaintiff Dmitry Zhigalov prays for judgment against the Defendants Flightsim.com, Inc. and Nels Anderson that:

    a. Defendants and their officers, agents, servants, employees, affiliated entities, and all of those in active concert with them, be preliminarily and permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. §§ 501, 1203;

b. Defendants be required to pay Plaintiff his actual damages and Defendants' profits attributable to the infringement, or, at Plaintiff's election, statutory damages, as provided in 17 U.S.C. §§ 504;

c. Defendants be required to pay statutory damages for violation 17 U.S.C. § 1202 of no less $2,500 or more than $25,000 per violation, as provided in 17 U.S.C. § 1203;

d. Plaintiff be awarded his attorneys' fees and costs of suit under the applicable statutes sued upon;

e. Plaintiff be awarded pre- and post-judgment interest; and

f. Plaintiff be awarded such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

DATED: May 4, 2023                    Respectfully submitted,

*/s/Eliezer Lekht*
Eliezer Lekht (BBO #712164)
eliezer.lekht@sriplaw.com

**SRIPLAW, P.A.**
175 Pearl Street
Third Floor
Brooklyn, NY  11201
332.600.5599 – Telephone
561.404.4353 – Facsimile

*Counsel for Plaintiff Dmitry Zhigalov*